IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JOSH WYNIA,<br><br>            Plaintiff,<br><br>vs.<br><br>SPF ENERGY, INC. and FARSTAD OIL, INC.,<br><br>            Defendants. | CV 16-173-BLG-SPW-TJC<br><br>**FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

Before the Court is Defendants SPF Energy, Inc.'s ("SPF") and Farstad Oil, Inc.'s ("Farstad") (collectively, "Defendants") Motion to Dismiss (the "Motion"). (Doc. 2.) Having considered the parties' arguments, the Court recommends as follows.

I.    **Pertinent Facts**

As the Court explained in its January 6, 2017 Order granting Plaintiff Josh Wynia's request for an extension of time to respond to Defendants' Motion, Wynia has not made a proper request to file an amended complaint. (Doc. 10 at n. 1.) He also failed to amend his Complaint and Demand for Jury Trial ("Complaint") (Doc. 1-3) within twenty-one days of the filing of the Motion as permitted under Fed. R. Civ. P. 15(a)(1)(B). Wynia nevertheless improperly filed an Amended Complaint

1

and Demand for Jury Trial ("Amended Complaint") (Doc. 8) on January 5, 2017. The Court invited Wynia to seek leave to amend his complaint in accordance with the local and federal rules, but he has not do so. (Doc. 10 at n. 1). The Court therefore recommends that Wynia's Amended Complaint be stricken, and it will not be considered in the context of Defendants' Motion.

For the purposes of this Motion, the Court accepts as true the following allegations contained in Wynia's original Complaint. *Wyler Summit Partnership v. Turner Broadcasting System, Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).

Wynia began working for Farstad on July 6, 2015. (Doc. 1-3 at ¶ 3.) Farstad terminated Wynia on August 15, 2016, several months after the end of Wynia's six-month probationary period. (*Id*. at ¶¶ 5, 6.) Wynia did not receive any reprimands during his employment at Farstad, and he was not given any explanation for his termination. (*Id*. at ¶¶ 7, 9.) Farstad attempted to hire a new employee in Wynia's position within two weeks of terminating Wynia. (*Id*. at ¶ 12.) Wynia filed suit in Montana state court, asserting a violation of Montana's Wrongful Discharge from Employment Act ("WDEA"), Mont. Code. Ann. § 39-2-901, *et seq*. (*Id*. at ¶¶ 14-15.) Defendants timely removed to this Court (Doc. 1), and now move to dismiss the case pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 2.)

## II. Parties' Arguments

The parties' arguments are relatively straightforward. Defendants argue that Wynia's Complaint fails to plead facts to support his claim. Defendants contend that Wynia merely "recites the elements of his claim with conclusory statements," which, according to Defendants, is insufficient to withstand a motion to dismiss. (Doc. 3.)

Wynia responds that the facts pled in his Complaint (and reproduced above) are sufficient to make a prima facie claim for violation of the WDEA, and therefore his claim should not be dismissed. (Doc. 9.)

In reply, Defendants reiterate the arguments they presented in their opening brief, which arguments they claim Wynia failed to counter. (Doc. 16 at 2-3.) Notably, they claim that the WDEA does not require an employer to have reprimanded an employee prior to termination, nor does it require an employer to provide an explanation for termination. (*Id.* at 2.)

## III. Legal Standard

"Dismissal under Rule 12(b)(6) is proper only when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)). The Court's standard of review under Rule 12(b)(6) is informed by Rule

8(a)(2), which requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009) (quoting Fed. R. Civ. P 8(a)).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plausibility determination is context specific, and courts must draw on judicial experience and common sense in evaluating a complaint. *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014).

A court considering a Rule 12(b)(6) motion must accept as true the allegations of the complaint and must construe those allegations in the light most favorable to the nonmoving party. *Wyler Summit Partnership*, 135 F.3d at 661. "However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations." *Summit Technology, Inc. v. High-Line Medical Instruments Co., Inc.*, 922 F.Supp. 299, 304 (C.D. Cal. 1996) (*citing Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) (*cert. denied*, 454 U.S. 1031 (1981))).

## IV. Discussion

The sole question before the Court is whether Wynia has pled sufficient facts to make a facially plausible claim that Defendants violated the WDEA when they terminated him on August 15, 2016. For the reasons that follow, the Court finds that he did, and therefore recommends that Defendants' Motion be denied.

The WDEA provides in pertinent part that a discharge is wrongful if the discharge was not for good cause. Mont. Code Ann. § 39-2-904(1). The Montana Supreme Court has interpreted the WDEA as commanding that "outside of the probationary period of employment, an employer may not discharge an employee without good cause." *Whidden v. John S. Nerison, Inc.*, 981 P.2d 271, 275 (Mont. 1999). The WDEA defines "good cause" as "reasonable job-related grounds for dismissal based on a failure to satisfactorily perform job duties, disruption of the employer's operation, or other legitimate business reason." Mont. Code Ann. § 39-2-903(5). A legitimate business reason is one that is "neither false, whimsical, arbitrary or capricious, and…must have some logical relationship to the needs of the business." *Baumgart v. State of Montana*, 332 P.3d 225, 231 (Mont. 2014) (*quoting Sullivan v. Continental Const. of Montana, LLC*, 299 P.3d 832, 835 (Mont. 2013)).

Wynia has alleged that (1) he was an employee of Farstad; (2) he passed the six-month probationary period established in Mont. Code Ann. § 39-2-904(2)(b);

(3) he had not received any sort of reprimand in his time with Farstad; (4) Farstad terminated him without explanation; and (5) Farstad posted Wynia's prior position within two weeks of Wynia's termination. (Doc. 1-3.)

Accepting all of these allegations as true and construing them in the light most favorable to Wynia, as the Court must at this stage, the Complaint is sufficient to state a claim under the WDEA. Wynia had successfully completed his probationary period with the company, which would lead to the reasonable inference that he could perform the essential functions of the position, and did not present cause for his termination during his initial evaluation period. Further, assuming Farstad had an interest in improving employee performance and correcting any employee deficiencies, the fact that Wynia had not received any sort of negative review or reprimand during his tenure with Farstad would lead to the reasonable inference that he had performed his job duties satisfactorily. In addition, it is reasonable to infer that Farstad did not otherwise have a legitimate business reason for terminating Wynia's position, since it attempted to fill the same position a short time after Wynia's termination. Thus, the facts alleged are sufficient to state a facially plausible claim that Defendants violated the WDEA by terminating Wynia without good cause.

Defendants correctly argue that "[t]here is no statutory requirement that an employee have previously received written or oral reprimands before a discharge

6

can be deemed to be for good cause[.]" (Doc. 3 at 4.) That is beside the point, however, because Defendants have not provided any cause for the discharge at all. Defendants point to no authority for the propositions that a discharge can be deemed to be for good cause when no cause is given, or that the plaintiff and the Court are required to assume a discharge was for good cause in the absence of a clear reason for that discharge.

     Defendants also argue that there is no "requirement that the employer provide the employee an explanation for a discharge." (*Id*.) Defendants cite to no authority in support of this proposition. Even assuming *arguendo* they are correct, however, it does not follow that an employer can insulate itself from a WDEA lawsuit merely by refusing to explain to an employee why he was terminated. Indeed, the Court doubts seriously – and Defendants have presented no authority suggesting – that the Montana legislature intended for the WDEA to be quite so easily thwarted. The WDEA provides "that outside of the probationary period of employment, an employer may not discharge an employee without good cause." *Whidden*, 981 P.2d at 275. In the absence of authority to the contrary, the Court declines to accept Defendants' apparent interpretation of the WDEA, which is that an employer may discharge an employee without good cause as long as the employer does not tell the employee what that cause is.

It is possible, of course, that Farstad had good cause to terminate Wynia and therefore did not violate the WDEA. But that is impossible to determine based upon the present record. At this point in the litigation, Wynia has stated a facially plausible claim that he was discharged without good cause, and his claim should proceed. For the foregoing reasons, the Court recommends that Defendants' Motion be denied.

**IV. Conclusion**

Based on the foregoing, **IT IS RECOMMENDED** as follows:

(1) that Wynia's Amended Complaint (Doc. 8) be **STRICKEN**; and

(2) that Defendants' Motion to Dismiss (Doc. 2) be **DENIED**.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of United States Magistrate Judge upon the parties. The parties are advised that, pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court, and copies served on opposing counsel, within fourteen (14) days after entry hereof, or objection is waived.

DATED this 31st day of July, 2017.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge