IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JOSH WYNIA,<br><br>                Plaintiff,<br><br>vs.<br><br>SPF ENERGY, INC. and FARSTAD OIL, INC.,<br><br>                Defendants. | CV 16-173-BLG-SPW-TJC<br><br>**FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

Before the Court is Plaintiff Josh Wynia's Request for Entry of Default (the "Motion"). (Doc. 25.) Having considered the parties' arguments, the Court recommends as follows.

**I.    Pertinent Facts**

Defendants SPF Energy, Inc. and Farstad Oil, Inc. (collectively, "Defendants") removed this case from Montana state court on December 12, 2016, (Doc. 1) and moved the following day to dismiss Wynia's claims. (Doc. 2.) The undersigned entered Findings and Recommendations ("F&R") regarding Defendants' motion to dismiss on July 31, 2017, recommending that Defendants' motion be denied. (Doc. 23.) In accordance with 28 U.S.C. § 636, the Court

1

indicated that any objections to its F&R must be filed within fourteen days or else waived. (*Id.* at 8.) No objections were filed.

On August 18, 2017, Wynia filed the instant Motion, seeking entry of default under Fed. R. Civ. P. 55(a), due to Defendants' ostensible failure to answer Wynia's complaint within fourteen days of the Court's F&R. Defendants filed their Answer and Demand for Jury Trial ("Answer") (Doc. 26) later that same day. Judge Watters entered her Order Adopting Magistrate's [F&R] (Doc. 29) on August 24, 2017.

## II. Legal Standard

Fed. R. Civ. P. 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

## III. Discussion

Wynia's Motion should be denied.

Defendants unequivocally have not failed to plead or otherwise defend. Defendants timely removed the case and immediately moved to dismiss Wynia's complaint. Wynia appears to read Fed. R. Civ. P. 55(a) such that an "answer" is the only filing that could stave off entry of default. Notwithstanding the fact that Defendants have filed their Answer (Doc. 26), Rule 55(a) contains no such language. Defendants' removal to this court and especially their dismissal motion

2

are clear examples of "otherwise defend[ing]." *See*, e.g., *Rashidi v. Albright*, 818 F.Supp. 1354, 1356 (D. Nev. 1993) ("It is undisputed that a motion challenging a complaint for failure to state a claim upon which relief can be granted falls squarely within the ambit of the phrase 'otherwise defend.'").

Wynia provides no authority for the proposition that the Court's F&R imposes any sort of deadline upon Defendants other than the fourteen-day objection deadline provided in 28 U.S.C. § 636. The denial of Defendants' 12(b)(6) motion did trigger a deadline to answer Wynia's complaint, but that deadline was triggered upon Judge Watters' Order Adopting Magistrate's [F&R] and not upon the filing of the F&R itself. *See* Fed. R. Civ. P. 12(a)(4)(A); 28 U.S.C. § 636(b)(1). As Defendants' Answer predates Judge Watters' Order, the Court finds that Defendants' Answer was timely filed.

## IV. Conclusion

Based on the foregoing, **IT IS RECOMMENDED** that Wynia's Motion for Entry of Default (Doc. 25) be DENIED.

NOW, THEREFORE, IT IS ORDERED that the Clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendation must be filed with the Clerk of Court and copies

served on opposing counsel within fourteen (14) days after entry hereof, or objection is waived.

DATED this 20th day of September, 2017.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge